UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
In re:

     Jessica L. Cutler,                              Case No. 07-31459
                  Debtor.              Chapter 7

_____

Robert Steinbuch,
         Plaintiff,

                                         Adv. Pro.No. 07-50064
     vs.

Jessica Cutler,
         Defendant.

_____

## MEMORANDUM-DECISION AND ORDER IMPOSING SANCTIONS ON ATTORNEY-PLAINTIFF ROBERT STEINBUCH, DENYING RECONSIDERATION, DENYING JUDGMENT ON THE PLEADINGS AND GRANTING LEAVE TO AMEND THE COMPLAINT

     This memorandum-decision and order is in furtherance of this court's oral rulings recited

on the record at a May 28, 2009 hearing on matters arising within this adversary proceeding, and,

in disposition of a letter from the plaintiff dated June 2, 2009, (entered at Docket No. 40) which

this court is treating as a motion for reconsideration of the court's rulings. The subject of the

May 28th hearing was three earlier letters sent to the court by the plaintiff in this action, Robert

Steinbuch, which are more specifically detailed below, as well as a motion by the defendant

seeking multiple relief including judgment on the pleadings, sanctions and an order compelling

discovery. For the reasons recited below, the oral rulings of the court are reaffirmed and the

motion for reconsideration is denied.

*Background of Adversary Proceeding*

     To the extent relevant to the matters under consideration, a brief procedural history of

this adversary proceeding is provided. On September 4, 2007, Plaintiff Robert Steinbuch, acting

through counsel, Schuyler Carroll, Esq. of the New York City firm of Arent Fox LLP, commenced this action by the filing of a complaint against the Debtor Jessica Cutler. The complaint seeks a determination that underlying claims asserted in two previously-filed district court actions in the District of Columbia and Arkansas are nondischargeable as "willful and malicious injury by the debtor to another entity" pursuant to the provisions of 11 U.S.C. § 523(a)(6) of the United States Bankruptcy Code. Issue was joined by the filing of the defendant's answer on September 28, 2007. Following an interim period for counsel to report back as to whether the matter was to settle or a scheduling order was needed, a standard scheduling order setting the matter for trial was entered on May 8, 2008. In the middle of ongoing discovery, the court held a hearing on August 21, 2008, on a motion filed by plaintiff which was styled *"Motion to Compel, for Stay of Defendant's Discovery, and..."* other relief (entered at Docket No. 14). The court specifically denied the motion in its order of August 22, 2008. The transcript of the hearing makes clear the court's direction to the parties to move discovery forward. A subsequent hearing was held on December 18, 2008, on Schuyler Carrol's motion to withdraw as plaintiff's attorney of record (entered at Docket No. 26). That motion recites, in relevant part, the following:

> The Plaintiff, Mr. Steinbuch, is an experienced litigator and a professor of law.
> Indeed, Mr. Steinbuch practiced law at Shearman & Sterling and clerked for the
> Honorable Paul Roney, Eleventh Circuit Court of Appeals.

Docket No. 26 at Par. 3. By order entered December 19, 2008, Attorney Carroll's motion was granted, allowing Attorney Steinbuch to proceed *pro se.* In the same order, the court directed the parties to mediation.

*The Letters*

On March 20, 2009, plaintiff wrote a letter to the Chief Judge of the United States

2

District Court for this district in which he reports debtor counsel as having violated the ethical canons of the New York State Lawyer's Code of Professional Responsibility (*"first letter"*). The alleged improper behavior is Attorney Billips' observation and commentary on the electronic file name of documents filed as a matter of public record on behalf of Mr. Steinbuch through the electronic case filing system ("ecf") in the District of Columbia action. Based upon the assigned file name,[1] Mr. Billips suggested authorship of certain documents to be that of plaintiff, rather than of plaintiff's then counsel of record. It is this suggestion of authorship that provides the sole basis for plaintiff's claim that Mr. Billips has engaged in the unethical use of "metadata" to "trace purported authorship of various electronic filings." In this *first letter*, plaintiff represents to the court his then address in care of the University of Georgia Law School in Athens, Georgia, where plaintiff was teaching at the time, *"Until May 15, 2009."*

In response to plaintiff's first letter, Mr. Billips sent an email dated May 4, 2009, to plaintiff in which he denies the use of metadata and asks plaintiff to

> [p]lease withdraw your accusation within five days from the present date, giving notice as well to the Court in which the adversary proceeding is pending. I will not seek my fees and expenses with respect to this issue if you withdraw the complaint within this time; I will, should you refuse.

Plaintiff uses this communication as the subject of a separate letter to the district court dated May 4, 2009, (*"third letter"*) in which he complains that Mr. Billips is inappropriately attempting to interfere with plaintiff's obligation as an attorney to report ethical violations and to pressure him "...under financial threat." At the May 28, 2009 hearing, the court found Mr. Steinbuch's allegations totally baseless and without merit.

New York State Bar Commission on Professional Ethics Opinion ("Ethics Opinion") 749, which is relied upon by Attorney Steinbuch in support of his position, addresses a lawyer's use

---

[1] "C:\Documents and Settings\resteinbuch\Desktop\MASTER\Briefs\DC\DefDiscovery\Motion2Compel.pdf"

of available technology to surreptitiously examine and trace email and other electronic documents. The clear intent behind the prohibited use of metadata to obtain information that may be protected by the attorney-client relationship is the preservation of confidentiality and the secrets of one who has employed or sought to employ a lawyer. *See Ethics Opinion 749 at 2.* The opinion concludes that a "lawyer may not make use of computer software applications to surreptitiously 'get behind' visible documents or to trace email." *Id.*

Ethics Opinion 738, also cited by Attorney Steinbuch, speaks to the situation where a lawyer sends material "clearly showing tracked changes." In such a situation, the recipient must determine from the circumstances whether the sender intended to send the document showing the changes or if a mistake had been made. Absent a prior understanding that the tracked changes were meant to be disclosed, a presumption arises that the disclosure of the metadata was inadvertent and would be unethical to use. *See Ethics Opinion 738.*

Mr. Billips' observation of the original file name was not made possible by use of computer software, nor did such file name come from "behind" the visible document. Neither was disclosure of the original file name an inadvertent act on behalf of plaintiff. The original file name of a document filed via a court's ecf system plainly shows on the court-generated Notice of Electronic Filing.    This court finds disingenuous plaintiff's suggestion that by reading the Notice of Electronic Filing, Mr. Billips invaded plaintiff's relationship with his then counsel, threatened confidentiality, made public a "secret" between plaintiff and his counsel or unethically used metadata.

The court takes very seriously Mr. Billips' suggestion that plaintiff is "attempting to use a frivolous and factually inaccurate ethics complaint for the purpose of gaining an advantage in a pending civil matter." The court forewarns plaintiff that if there is any further attempted

exploitation by plaintiff to misuse this proceeding and this court to inappropriately attempt to extract some advantage in other litigation or otherwise bog down this litigation, this court will appropriately deal with such behavior, including considering the imposition of sanctions and the reporting of such conduct.

By letter dated April 24, 2009, which was received by the Bankruptcy Clerk's office on **April 27, 2009**, the plaintiff purports to request this Court "to put a stop to defendant's counsel's improper behavior" (*"second letter"*). The second letter reflects a return address in Little Rock, Arkansas. Plaintiff complains about defendant-counsel's pursuit of discovery and raises the timing of the notice of a scheduled deposition as disrespectful of plaintiff's religious beliefs. The letter ends with the following:

> Plaintiff is unfamiliar with the procedures of this Court. Should this Court prefer a more formal motion, plaintiff will convert this letter or requests this Court to consider this letter a motion for protective action, quash, and other relief.

This second letter is best viewed in light of the facts which came to bear upon defendant's motion for sanctions and other relief. Following receipt of the first two letters, the court entered an order on May 4, 2009, scheduling a status conference. One week later, Debtor filed a motion which sought judgment on the pleadings, sanctions for plaintiff's failure to attend his own deposition and an order compelling discovery ("Motion"), all of which were heard on May 4th.

*Facts Underlying the Motion*

Defendant's counsel learned that plaintiff was present in his home state of Georgia for the Spring semester to teach law courses at the University of Georgia in Athens. The court notes that Athens is a short distance from defendant counsel's office in Atlanta. On April 1, 2009, defendant's counsel noticed plaintiff's deposition in Georgia for April 28, 2009, and had plaintiff personally served with a notice of deposition and subpoena on April 6, 2009. Passover began

April 8th and ended on April 15th. Plaintiff's suggestion that Mr. Billips improperly interfered with the practice of plaintiff's religious beliefs by noticing plaintiff's deposition for April 28, 2009, or by having such notice served on April 6, 2009, is blatantly misleading and baseless. The court also rejects plaintiff's feigned belief that discovery had been stayed, which the history of this proceeding negates. Had there been any doubt, plaintiff was obligated to seek timely clarification from this court which he failed to do. Plaintiff was under subpoena and should have properly moved for a protective order prior to the scheduled deposition and his voluntary departure from the district where he was served. Despite his proceeding in this matter *pro se,* plaintiff as a licensed member of the New York State Bar will be held to the same standards as all other attorneys practicing before this court. *See Leeds v. Meltz,* 898 F. Supp 146, 149 (E.D.N.Y. 1995), *aff'd,* 85 F.3d 51 (2d Cir. 1996) (holding that *pro se* attorney was not entitled to the liberality normally accorded *pro se* litigants). Nor is there anything in plaintiff's letter of June 2, 2009, to persuade this court to reverse its ruling to impose sanctions upon plaintiff for his failure to attend his own deposition.[2] Plaintiff's purported reliance upon something said to him by a case administrator in the Bankruptcy Clerk's office does not relieve him of the responsibility of being charged with due notice and knowledge of the applicable federal and local rules of procedure which he is required to follow. *See Am. Safety Indem. Co. v. Official Comm. Of Unsecured Creditors (In re Am. Safety Indem. Co.),* 502 F.3d 70, 73 (2d Cir. 2007).

Accordingly, for the reasons explained herein and on the record at the hearing before the court on May 28, 2009, it is hereby ORDERED that the Motion is granted in so far as it seeks to compel discovery and the grant of sanctions in so far as discovery has not been stayed. Attorney Billips is directed to file with the court and serve upon plaintiff within ten days of this order an

---

[2] The letter makes clear that plaintiff voluntarily left the State of Georgia on April 20, 2009, when there was an outstanding subpoena for his attendance at a deposition scheduled for April 28.

affidavit of the reasonable expenses including attorney's fees caused by the failure of plaintiff to

appear for his deposition.  Any objection to the reasonableness of the expenses sought must be

filed by the plaintiff within ten days of the filing of the affidavit with the court.

As to the balance of the Motion and as ordered at the hearing, plaintiff is granted leave to

file and serve an amended complaint by not later than June 17, 2009, which properly alleges the

elements of a cause of action under 11 U.S.C. § 523 $(a)(6)$. Debtor is directed to file and serve

her answer by not later than July 7, 2009. The balance of the relief sought in the Motion is

denied.

So ordered.


Dated: June 5, 2009                                  Hon. Margaret Cangilos-Ruiz
Syracuse, New York                                   United States Bankruptcy Judge